IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FRENCH, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. CCB-17-338 |
| RODERICK, *et al.*, | * | |
| Defendants | * | |

\*\*\*

## MEMORANDUM

The above-entitled complaint was filed pursuant to 42 U.S.C. § 1983 on February 3, 2017. For the reasons set forth below, the complaint will be dismissed.

Plaintiff Aaron Little French, who is incarcerated at North Branch Correctional Institution in Cumberland, Maryland, asserts that on February 3, 2014, he received notice from his case manager that "NBCI Prison took his prison job." (Compl., ECF No. 1, ¶ 8.) French states that the notice indicated that new operational practices and procedures were put in place regarding all institutional jobs and positions but that he could not find any "just reason" his job was taken and another not provided. (*Id.* ¶ 9.) French indicates that he appealed the decision to remove him from his job to the Inmate Grievance Office but did not receive a response. (*Id.* ¶ 10.) French states that he has not been offered a replacement job. (*Id.* ¶ 11.) He claims that this was the first job he was assigned as a Maryland inmate and the job permitted him to earn five days of diminution of confinement credits monthly. (*Id.* ¶ 12.) French states that he "feels he has lost" the opportunity to shorten his sentence. (*Id.*) He claims that his Fourteenth Amendment liberty interest has been violated and seeks compensatory damages. (*Id*. ¶ 13.)

It is well established that prisoners do not have a constitutionally protected right to work while incarcerated, or to remain in a particular job once assigned. *See Altizer v. Paderick*, 569 F. 2d 812, 815 (4th Cir. 1978); *Awalt v. Whalen*, 809 F. Supp. 414, 416-17 (E.D. Va. 1992). "[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution." *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *see also Sandin v. Conner*, 515 U.S. 472, 493 (1995) (requiring "atypical and significant hardship" as a prerequisite to the creation of a constitutionally protected liberty interest). Lack of opportunity to earn or have applied diminution credits is not an atypical and significant hardship. *See Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48, 50 (5th Cir. 1995); *see also Awalt*, 809 F. Supp. at 417. Therefore, even assuming French was removed from his prison job as alleged, such action does not give rise to a constitutional violation.

Thus, the complaint fails to state a claim on which relief may be granted and will be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii). French is reminded that, under 28 U.S.C. § 1915(g), he will not be granted *in forma pauperis* status if he has, "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." *See McLean v. United States*, 566 F.3d 391, 396 (4th Cir. 2009).

A separate order follows.

| | |
|---|---|
| 3/8/17 | /S/ |
| Date | Catherine C. Blake |
| | United States District Judge |